
FILED
JAN 27 2014
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MATTHEW LYNN MONTGOMERY, Petitioner, vs. T. GREEN; ATTORNEY GENERAL OF THE STATE OF MONTANA, Respondents. | Cause No. CV 13-181-M-DWM-JCL FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

On August 28, 2013, Matthew Lynn Montgomery filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. Montgomery is a state prisoner proceeding pro se.

Montgomery previously filed a petition for writ of habeas corpus in this Court, challenging his 2003 conviction for incest and his 2006 convictions for sexual assault. He also challenged the denial of his 2008 motion to withdraw his guilty plea and the revocation of a suspended term of the sentence imposed in 2003. Because two separate convictions were challenged, the claims relating to the 2006 conviction were severed and a second habeas action was filed. Both petitions were dismissed with prejudice as procedurally barred. *See Montgomery v. Frink*,

Nos. CV 11-120-M and CV 11-121-M (D. Mont. judgment entered Feb. 3, 2012). On May 2, 2012, the Ninth Circuit Court of Appeals denied a certificate of appealability in both cases. *Montgomery v. Frink*, Nos. 12-35099 and 12-35100 (9th Cir. May 2, 2012).

Montgomery does not claim he has suffered any new convictions or revocations. Claims 1-7 of the instant petition challenge the Montana Supreme Court's denial of habeas relief under state law, *see* Br. in Supp. (Doc. 2) at 4-6, but no new state petition he may file can alter the fact that this Court has adjudicated a "prior application" for habeas relief against the judgments entered in connection with the 2003 and 2006 convictions. In short, Montgomery's petition "seeks invalidation (in whole or in part) of the judgment authorizing [his] confinement." *Magwood v. Patterson*, 561 U.S. 320, __, 130 S. Ct. 2788, 2797 (2010) (emphasis deleted) (internal quotation marks and citation omitted). The Montana Supreme Court's order denying habeas relief is not a judgment authorizing Montgomery's confinement. It merely declines to authorize his release.

The petition is a second or successive application for federal habeas relief. Because the Court of Appeals has not authorized its filing, this Court lacks jurisdiction to consider it. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

A certificate of appealability is not warranted. There is no doubt the

procedural ruling. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Moreover, Montgomery's claims that Montana's sexual assault statutes are unconstitutional strongly appear to lack any merit whatever. 28 U.S.C. § 2253(c)(2).

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED as an unauthorized second or successive petition.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Montgomery may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Montgomery must immediately notify the Court of any change in his</u>

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.

3

<u>mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 27th day of January, 2014.

*Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge